J-S09027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES EARL HOUSE, | |
| Appellant | No. 1241 WDA 2014 |

Appeal from the PCRA Order July 9, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002720-1999

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 07, 2016**

This matter is again before this panel upon remand from the Supreme Court, after it vacated our decision in light of the United States Supreme Court's recent decision in ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016), clarifying that its earlier holding in ***Miller v. Alabama***, 132 S.Ct. 2455 (June 25, 2012), is to be retroactively applied.  We vacate the PCRA court's order, vacate judgment of sentence, and remand for resentencing.

Appellant was convicted of first-degree murder, aggravated assault, carrying a firearm without a license, conspiracy to commit simple assault and possession of an instrument of crime, based upon events that occurred on April 7, 1999, when he was a juvenile.  He was sentenced to a term of life imprisonment without possibility of parole on the murder count, a

consecutive term of five years imprisonment on the firearms charge, and a consecutive term of one to two years of imprisonment on the conspiracy conviction.

This Court affirmed the judgment of sentence on September 10, 2001, and Appellant did not seek allowance of appeal to the Supreme Court. *Commonwealth v. House*, 788 A.2d 1029 (Pa.Super. 2001) (unpublished memorandum). Four subsequently filed PCRA petitions did not afford relief. On July 11, 2012, within sixty days of the Supreme Court decision in *Miller*, Appellant filed this, his fifth PCRA petition. The court appointed counsel and counsel filed a supplemental petition for post-conviction relief on Appellant's behalf in which he asserted *Miller* as an exception to the PCRA time bar under 42 Pa.C.S. § 9545(b)(1)(iii). Appellant sought and was granted a stay of the PCRA decision pending the outcome of a *certiorari* petition in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013) (holding *Miller* was not retroactive to cases on collateral review). Following denial of *certiorari* on June 9, 2014, the court lifted the stay and dismissed the petition as untimely.

Appellant timely appealed to this Court and challenged his mandatory life sentence without possibility of parole in light of *Miller*, as well as our Supreme Court's decision in *Cunningham* that *Miller* was not retroactive. We dismissed the petition because it was facially untimely and Appellant had

not proven a timeliness exception. *See Commonwealth v. House*, 120 A.3d 1055 (Pa.Super. 2015) (unpublished memorandum). Appellant sought allowance of appeal.

On January 25, 2016, the United States Supreme Court decided *Montgomery*, which overruled *Cunningham* by holding that that *Miller* was to be given retroactive effect. By *per curiam* order of February 11, 2016, our Supreme Court granted Appellant's petition for allowance of appeal, vacated our order, and remanded the matter to this Court for further proceedings consistent with *Montgomery*. *Commonwealth v. House*, 2016 Pa. LEXIS 196 (Feb. 11, 2016).

Our disposition is controlled by *Commonwealth v. Secreti*, 2016 PA Super 28, 2016 Pa. Super. LEXIS 80 (Pa.Super. Feb. 9, 2016), which was decided by this Court following issuance of *Montgomery*. Secreti was sentenced to automatic life imprisonment without possibility of parole for committing first-degree murder as a juvenile. He, like Appellant, filed a PCRA petition seeking relief under *Miller* within sixty days of that decision, alleging that *Miller* was retroactive. Relief was denied. *Secreti* was on appeal when *Montgomery* was decided. The *Secreti* Court vacated and remanded for further proceedings consistent with *Montgomery*. We held that (1) *Miller* applied retroactively to Secreti's sentence for purposes of the PCRA's timeliness exception under 42 Pa.C.S. § 9545(b)(1)(iii); (2) Secreti's

sentence was unconstitutional under *Miller*; and (3) Secreti was entitled to a new sentencing hearing in accordance with the dictates of our Supreme Court's decision in *Commonwealth v. Batts,* 66 A.3d 286 (Pa. 2013).

Based on *Secreti*, we vacate the order of the PCRA court, vacate judgment of sentence, and remand for a new sentencing hearing.

Jurisdiction relinquished.

Judge Allen did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2016